UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael B. Hari,  Case No. 19-cv-1330 (ECT/TNL)

Plaintiff,

v.  **ORDER**

James Stuart, et al.,

Defendants.

Michael B. Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiff); and

Robert I. Yount, Anoka County Attorney's Office, Government Center, 2100 3rd Avenue, Suite 720, Anoka, MN 55303 (for Defendants).

This matter is before the Court on Plaintiff's Motion for Sanctions under Rule 37 (ECF No. 16) and Plaintiff's Motion to Compel Disclosure. (ECF No. 17). For the reasons set forth below, the Court will deny each motion.

I. BACKGROUND

Plaintiff Michael B. Hari filed suit on May 20, 2019. (ECF No. 1). His application to proceed *in forma pauperis* was granted on July 22, 2019. (ECF No. 11) His complaint was served on August 13, 2019. (ECF No. 20).

Before service of Hari's complaint was effected, however, he served a Request for Production of Documents on Defendants. (ECF No. 18). He sought, among other things, digital audio and video recordings related to pat-down searches. Defendants, having not yet received the complaint, treated Hari's request as being made under the Minnesota

1

Government Data Practices Act, and responded as such on August 2, 2019. (ECF No. 19). In their response, Defendants indicated that all video recordings that Hari sought had been "automatically overwritten by the system." (ECF No. 19).

On August 23, 2019, shortly after his complaint was served, Hari filed two motions. First, he sought sanctions under Federal Rule of Civil Procedure 37. (ECF No. 16). Second, he sought an order compelling disclosure of documents responsive to his Request for the Production of Documents. (ECF No. 17).

Defendants answered the complaint on September 4, 2019. (ECF No. 22). The Court issued a pretrial scheduling order that, among other things, required fact discovery to be complete by January 31, 2020. (ECF No. 25). Hari then filed an amended complaint on September 11, 2019. (ECF No. 26). Defendants are in the process of answering the amended complaint. (ECF No. 30).

## II. ANALYSIS

The Court must deny Hari's motions without prejudice for failure to comply with the Federal Rules of Civil Procedure and this District's Local Rules. To begin, Hari did not properly serve his motion papers on Defendants. Federal Rule of Civil Procedure 5(d)(2) requires papers not filed electronically to be accompanied by a certificate of service, or that a certificate of service be provided a reasonable time after service. No certificate of service was provided regarding these motions. This alone would be grounds to deny each motion.

But more importantly, Hari did not meet-and-confer with Defendants or shortly thereafter, as the District's Local Rules require when a party files a discovery-related motion. D. Minn. Local Rule 7.1(a). The meet-and-confer process is an important part of

discovery-related motion practice, as it allows the parties to narrow the issues left to be decided by the Court and helps formulate a record upon which the Court can resolve those remaining disputes. The Court will therefore require Hari to make meaningful attempts to comply with this rule before it will consider the merits of these or any future motions. Should Hari fail to comply with the meet-and-confer requirement going forward, his motions may be summarily dismissed without prejudice.

Finally, the Court notes that Defendants took great exception to the timing of Hari's motions. Though the Court agrees that it was premature for Hari to file his motions before service of his complaint was completed, Defendants have since appeared in this matter, the Court has since issued its pre-trial scheduling order, and more than 21 days has passed since service of the initial summons and complaint. *See* Fed. R. Civ. P. 26(d)(2)(A) (permitting early Rule 34 requests 21 days after service of the summons and complaint). As a result, there is now no reason for discovery not to be underway. The Court expects both sides to cooperate with each other and comply with all applicable rules, statutes, and the like when propounding and responding to discovery.

### III. CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff Michael B. Har's Motion for Sanctions under Rule 37 (ECF No. 16) is **DENIED WITHOUT PREJUDICE**.

2. Hari's Motion to Compel Disclosure (ECF No. 17) is **DENIED WITHOUT PREJUDICE.**

3. All prior consistent orders remain in full force and effect.

3

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: September 20, 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Hari v. Stuart, et al.*
Case No. 19-cv-1330 (ECT/TNL)