# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael B. Hari, | Case No. 19-cv-1330 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| James Stuart, et al., | |
| Defendants. | |

Michael B. Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiff); and

Robert I. Yount, Anoka County Attorney's Office, Government Center, 2100 3rd Avenue, Suite 720, Anoka, MN 55303 (for Defendants).

This matter is before the Court on Plaintiff's Motion for Leave to Amend (ECF No. 35) and Plaintiff's Motion for Leave to File Instanter the Plaintiff's Attached Reply. (ECF No. 41). For the reasons set forth below, the Court will grant the motion for leave to amend and deny the motion for leave to file a reply.

## I.   BACKGROUND

Plaintiff Michael B. Hari filed suit on May 20, 2019. (ECF No. 1). His application to proceed *in forma pauperis* was granted on July 22, 2019. (ECF No. 11) His complaint was served on August 13, 2019. (ECF No. 20).

Shortly after Hari served his complaint, he filed motions to compel and for sanctions. (ECF Nos. 16 and 17). The Court denied both motions on September 23, 2019. (ECF No. 34). Hari then moved for permission to file a reply memorandum regarding

each motion. (ECF No. 41). It appears that Hari submitted this motion before he received the Court's Order.

The Court then issued a pretrial scheduling order that, among, other things, set a deadline for November 15, 2019 for motions to amend the pleadings. (ECF No. 25). Hari amended his complaint as a matter of right on September 11, 2019. (ECF No. 26). One day later, he attempted to file a second amended complaint. (ECF No. 28). This Court denied him permission to do so, noting that Hari did not file a formal motion for leave to amend, obtain opposing counsel's consent to amend, or comply with this District's Local Rules, which required Hari to submit a version of the proposed second amend complaint that showed how it was different from the operative pleading. (ECF No. 29).

Hari then moved to amend his complaint on September 25, 2019. (ECF No. 35). Hari again, however, did not file a copy of the proposed second amended complaint that showed how it differed from the operative pleading. The Court ordered Hari to submit such a version on or before October 10, 2019 and directed Defendants to respond to the motion 14 days after Hari complied with the Court's order. (ECF No. 39). The Court received a redlined version of Hari's proposed second amended complaint on October 16, 2019. The Court took the matter under advisement after Defendants responded to the motion on October 30, 2019.

## II.   ANALYSIS

### A. Motion for Leave to File Reply Memorandum

The Court will address Hari's motion for permission to file a reply brief first. A party may not file a reply memorandum to a non-dispositive motion without the Court's

permission. D. Minn. LR 7.1(b)(3). In this case, Hari seeks to file a reply brief regarding

his motion for sanctions and his motion to compel. (ECF Nos. 16 and 17).

The Court denied both of those motions on September 23, 2019. (ECF No. 34). As

a result, Hari's motion is moot. But even if it were not, the Court has reviewed the proposed

reply memorandum and concluded that nothing in it would change the Court's analysis.[1]

The Court will therefore deny the motion for leave to file a reply brief.

**B. Motion for Leave to Amend**

The Court will next consider the motion to amend. Once 21 days have passed after

service of a responsive pleading, a party "may amend its pleading only with the opposing

party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Although leave to

amend 'shall be freely given when justice so requires,' *see* Fed. R. Civ. P. 15(a), plaintiffs

do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview*

*Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club*

*Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). The Court may deny a party's

request for leave to amend only "if there are compelling reasons such as undue delay, bad

faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter*

*v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks,*

*Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)). "[A] motion to amend should be denied on the

merits 'only if it asserts clearly frivolous claims or defenses.'" *Becker v. Univ. of Nebraska*

---

[1] The Court notes that it denied both motions without prejudice so that the parties could meet-and-confer on those issues.

*at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (quoting *Gamma–10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994)).

Hari seeks leave to amend so that he can "correct certain deficiencies in the pleading which were mostly there . . . because the Defendants didn't have any case law or copies of the U.S. Code in their jail law library[.]" (ECF No. 35). Defendants oppose the motion, arguing that Hari failed to file timely a redlined version of his complaint; that granting the motion would cause undue delay; that Hari has not established "just cause" for amending the complaint; and that Hari acted in bad faith. The Court does not find Defendants' arguments persuasive.

The Court recognizes that it did not receive the redlined version of the proposed amended complaint until October 16, six days after the deadline provided for by the Court's previous order. But a six-day delay is a relatively short time period that could have resulted for any number of reasons, including delays in the prison mail system. *Cf. Kushner v. Buhta*, No. 16-cv-2646, 2019 WL 1417434, at *2 (D. Minn. Mar. 29, 2019) (excusing six-day delay in filing fee petition under Federal Rule of Civil Procedure 54). The Court also has a strong preference for deciding matters on their merits. *Cf. Geiger v. Minnesota Dep't of Human Servs.*, No. 14-cv-1576, 2015 WL 1334040, at *3 (D. Minn. Mar. 25, 2015) (noting a "strong judicial preference for deciding a case on the merits[.]") The Court will therefore excuse this short delay and consider the motion.

Defendants next argue that Hari has "not offered any legitimate just cause" to permit a second amendment of his complaint. (ECF No. 52, p. 3). But Defendants do not provide, and the Court is not able to locate, any legal authority that requires Hari to show cause (let

alone "just cause") to amend his complaint. A party must show good cause if he or she wishes to amend the complaint after the deadline provided for by the Court's pretrial scheduling order. *Sherman*, 532 F.3d at 716. Hari, however, filed his motion weeks before the November 15, 2019 deadline to amend pleadings expired. As a result, he need only show that the interests of justice would permit the proposed amendment. Fed. R. Civ. P. 15(a). Motions for leave to amend under Rule 15 may only be denied in "limited circumstances." *Roberson v. Hayti Police Dept.,* 241 F.3d 992, 995 (8th Cir. 2001); *see also Rogers v. Medicredit, Inc.*, No. 12-cv-2277, 2013 WL 4496278, at *1 (E.D. Mo. Aug. 21, 2013) (noting the Rule 15 standard is "more liberal" standard than Rule 16's good cause standard) (citing *Sherman*, 532 F.3d at 716). Acting without "just cause" is not one of those circumstances.

Defendants also argue that Hari acted in bad faith in seeking to leave. As support for this argument, they claim that his complaint "fails to meet the most basic pleading requirements" and that his redlined complaint "misrepresents the full extent of his proffered amendments." (ECF No. 52, p. 4). "[T]he number of decisions addressing bad faith in the Rule 15 context are relatively few and far between." *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F. Supp. 3d 785, 791 (D. Minn. 2019). But in general, courts have concluded that "bad faith is a subjective inquiry that requires proof that the moving party acted "with intent to deceive, harass, mislead, delay, or disrupt." *Id.* (citation omitted). As a result, the Court may deny a motion for leave to amend on bad faith grounds only if it determines that the moving party acted with "dishonest purpose or moral obliquity." *Id.* (citation omitted). The Court may not, however, deny an

otherwise timely motion to amend on the grounds that the moving party acted with mere negligence or bad judgment. *Id*.

The fact that Defendants believe Hari's proposed amended complaint does not satisfy the pleading standards of Federal Rules of Civil Procedure 8 and 10 does not establish that Hari, a pro se litigant, acted in bad faith or with dishonest purpose. At most, it shows that Hari was sloppy or negligent in drafting his complaint.[2] If Defendants truly believe that Hari's proposed second amended complaint "fails to meet most basic pleading requirements," they have other remedies available to them. They could bring a motion to dismiss under Federal Rules of Civil Procedure 8, 10 or 12. They could also have argued that the Court should deny the motion for leave to amend on futility grounds. *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (explaining that a motion for leave to amend pleadings is futile when the amended pleadings would not be able to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)). But absent additional information, they may not claim that any shortcomings in the proposed second amended complaint is proof that Hari acted in bad faith.

The same analysis applies to Defendants' claim that Hari acted in bad faith by filing a redlined complaint that Defendants believe does not represent the full extent of his amendments. In their memorandum, Defendants identify only a small number of inconsistencies in the entire complaint: a new allegation in paragraph 11 that Hari failed to redline and two paragraphs that Hari redlined but that appear to be relatively unchanged

---

[2] In making this observation, the Court takes no position on whether Hari's complaint actually complies with Federal Rule of Civil Procedure 8 and 10.

from the first complaint. Defendant again cites to these (relatively minor) inconsistencies as evidence of gamesmanship or some other improper motive. The Court cannot reach the same conclusion. Hari is a pro se litigant who appears to have made a good faith effort to comply with the District's Local Rules. The fact that there are some minor errors in his redlined complaint is, without more, insufficient to establish dishonesty or bad faith. In short, Defendants' allegations do not establish the "compelling reasons," *see Reuter*, 711 F.3d at 922, necessary for the Court to deny the motion to amend.

Finally, Defendants argue the Court should deny the motion to amend because Hari "is clogging the docket with multiple iterations of pleadings and discovery." (ECF No. 52, p. 5). In particular, they note Hari has filed two briefs in response to already-decided motions, as well as multiple pleadings and copies of discovery requests. They claim these filings are proof of Hari's "bad faith or dilatory motive." (*Id.*).

The Court is not sure what relevance Hari's other filings have to the merits of this motion. But even setting that issue aside, Defendants' claims of bad faith or dilatory motive are largely conclusory. Defendants do not explain how these filings show that Hari acted with bad faith. Defendants did not (and were not required to) respond to the two briefs Hari filed in support of motions that have already been decided. Assuming proper service, Defendants would be required to respond to the discovery regardless of whether Hari filed it on the docket. And Hari's attempts to file a proper motion for leave to file a second amended complaint have not clogged the docket or unreasonably delayed this matter. Because nothing in the record suggests there are compelling reasons to deny leave to

amend, *see Reuter*, 711 F.3d 922, the Court will grant Hari's motion and permit him to file

a second amended complaint.

## III.     CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS**

**HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Leave to Amend (ECF No. 35) is **GRANTED**. Hari shall file his second amended complaint within 21 days of the date this Order is filed.

2. Plaintiff's Motion for Leave to File Instanter the Plaintiff's Attached Reply (ECF No. 41) is **DENIED**.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.


Date: December 3, 2019                     *s/ Tony N. Leung*
                                           Tony N. Leung
                                           United States Magistrate Judge
                                           District of Minnesota

                                           *Hari v. Stuart, et al.*
                                           Case No. 19-cv-1330 (ECT/TNL)